**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**VS.** **4:13-CR-00221-BRW**

**SEDRICK REED** **DEFENDANT**

**ORDER**

Sedrick Reed has filed his Amended Complaints (Doc. Nos. 205, 206) against the United States of America.

Under 28 U.S.C. § 1915A(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) provides that as part of this review, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted." Mr. Reed has been granted permission to proceed in forma pauperis.[1] Mr. Reed's Amended Complaints qualify for review.

**I. BACKGROUND**

Mr. Reed is serving a 135-month sentence in the Federal Bureau of Prisons.[2] As part of the sentence, I ordered forfeiture of Mr. Reed's seized property.[3] Mr. Reed filed three motions seeking return of, or compensation for, forfeited property and other property seized but not forfeited.[4] I denied Mr. Reed's first two motions and the Court of Appeals for the Eighth

---

[1]Doc. No. 185.

[2]Doc. Nos. 200, 201.

[3]Doc. No. 88.

[4]Doc. Nos. 150, 157, 167.

Circuit summarily affirmed.[5] Mr. Reed filed his third motion while appealing denial of his first two motions. After the Eighth Circuit returned the mandate, I denied Defendant's third motion for return of seized property.[6]

On November 1, 2019, the Eighth Circuit partially reversed the denial of Mr. Reed's third motion for return of seized property and remanded, finding that "the district court should have afforded [Mr. Reed] an opportunity to assert an alternative claim for damages" regarding the "items which were not forfeited but were no longer in the government's possession . . . ."[7] Pursuant to the Eighth Circuit's mandate, I directed Mr. Reed to file a complaint for damages against the Government only as to the items that were not forfeited and are no longer in the Government's possession.[8]

On January 6, 2020, Mr. Reed filed a pro se complaint again alleging failure to comply with Rule 41(g).[9] The Government filed a motion to dismiss and in response, Mr. Reed argued for the first time that the Federal Tort Claim Act ("FTCA")[10] applies to this case and he may have a *Bivens*[11] claim.[12] Although Mr. Reed did not present these claims in his complaint, the Eighth Circuit found that he should be allowed to do so. Accordingly, I denied the

---

[5]Doc. No. 172.

[6]Doc. Nos. 172, 174.

[7]Doc. No. 187.

[8]Doc. No. 190.

[9]Doc. No. 192.

[10]28 U.S.C. §§ 2671–2680.

[11]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[12]Doc. No. 200.

Government's motion to dismiss without prejudice and directed Mr. Reed to file an amended complaint setting out all his causes of action.[13]

On June 15, 2020, Mr. Reed filed two Amended Complaints. One asserted claims under the FTCA and the other asserted claims pursuant to *Bivens*. In both Amended Complaints, Mr. Reed alleges that agents of the Federal Bureau of Investigation ("FBI") seized his personal property.[14] He contends that on April 8, 2018, an FBI agent destroyed his personal property.[15] Mr. Reed also asserts that on April 13, 2018, an agent from the FBI released a gun belonging to him to a third party without court authorization or his permission.[16]

## II. DISCUSSION

In determining whether a complaint states a claim for which relief may be granted, I must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.[17] The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level."[18] The complaint must "state a claim to relief that is plausible on its face."[19] In assessing its sufficiency, I may disregard legal conclusions disguised as factual allegations.[20]

---

[13]Doc. No. 203.

[14]*Id.*

[15]*Id.*

[16]*Id.*

[17]*Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014).

[18]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[19]*Id.* at 570.

[20]*Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

While I am required to construe the pleadings liberally, Mr. Reed is nevertheless bound by applicable procedural and substantive law.[21] Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced."[22]

**A. *Bivens* Claim**

"[A] *Bivens* action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983."[23] In determining whether Mr. Reed's *Bivens* claim survives screening under 28 U.S.C. § 1915A, the first question is whether his case is "the type for which a *Bivens* remedy is available."[24] There are two steps in determining whether a cause of action under *Bivens* is available.[25] First, I must determine whether Mr. Reed's case presents one of "the three *Bivens* claims the Court has approved in the past."[26] If not, then I proceed to the second step and determine whether a new cause of action should be implied "in the absence of affirmative action by Congress."[27]

Mr. Reed's allegations do not present one of the *Bivens* claims allowed to proceed earlier. Here, the Government's alleged unlawful acts (the destruction of his personal property) are

---

[21]See *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

[22]*Stone v. Harry*, 364 F.3d at 914 (internal citations omitted); see, e.g., *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

[23]*Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006).

[24]*Farah v. Weyker*, 926 F.3d 492, 498 (8th Cir. 2019).

[25]*Id.*

[26]*Id.*

[27]*Id.*

different from those alleged in any *Bivens* action and the injury is different. These differences lead the me to question whether I am "well suited . . . to consider and weigh the costs and benefits of allowing a damages action to proceed."[28] Courts must ask if there are "special factors [that] counse[l] hesitation" about extending *Bivens* to a new context.[29] Aware that expanding the *Bivens* remedy "is now a 'disfavored' judicial activity,"[30] I find under the circumstances of this case that *Bivens* should not be extended. For example, other remedies are available.[31] Mr. Reed apparently is aware of that fact, since he also sued under the Federal Tort Claims Act. Providing a damages remedy for Mr. Reed's alleged wrongs in this case lies in Congress's realm.[32]

Accordingly, Mr. Reed's *Bivens* claim is dismissed with prejudice.

**B. FTCA Claim**

Mr. Reed made a Federal Tort Claims Act ("FTCA") claim in his Amended Complaint.[33] Exhaustion of administrative remedies is a jurisdictional prerequisite to FTCA claims.[34] The law provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."[35] If an agency fails to make a final

---

[28] *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1858 (2017).

[29] *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal citation omitted).

[30] *Ziglar*, 137 S. Ct. at 1857.

[31] See *Ahmed v. Weyker*, 984 F.3d 564, 571 (8th Cir. 2020); *Farah*, 926 F.3d at 500-02.

[32] *Ahmed*, 984 F.3d at 570-71; *Farah*, 926 F.3d at 498.

[33] Doc. No. 205.

[34] *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996).

[35] 28 U.S.C. § 2675(a).

disposition of the claim within six months after it is filed, the failure is "deemed a final denial of the claim . . . ."[36]

I must determine: (1) whether Mr. Reed presented his claim to the FBI; and (2) whether he filed this suit within six months of the FBI's denial of his claim.

To be adequately presented, the claim must provide written notification of the incident and include a claim for money damages.[37] The presentment requirement is jurisdictional—if the plaintiff fails to plead it, the court lacks jurisdiction.[38] The purpose of this requirement is to allow federal agencies "a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit."[39] If an agency denies an administrative tort claim, the claimant must file suit within six months of the denial.[40]

Mr. Reed provided no documentation with his Amended Complaint, nor did he allege any facts that reflect he filed an administrative tort claim with the FBI and it was rejected.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Mr. Reed's *Bivens* claim (Doc. No. 206) is DISMISSED with prejudice. Mr. Reed has 30 days to amend his complaint regarding his FTCA claim (Doc. No. 205). He must set out whether he pursued his administrative remedies and provide copies of any documents related to the issue, including the

---

[36]*Id.*

[37]*Mader v. United States*, 654 F.3d 794, 798 (8th Cir. 2011) (en banc) (citing 28 C.F.R. § 14.2(a)).

[38]*Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

[39]*Mader*, 654 F.3d at 800–01.

[40]28 U.S.C. § 2401(b).

FBI's denial letter. Failure to file an amended complaint will result in the dismissal of this matter without further notice.

IT IS SO ORDERED this 9th day of February 2021.

Billy Roy Wilson________________
UNITED STATES DISTRICT JUDGE