# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| UNITED STATES OF AMERICA | PLAINTIFF |
|---|---|
| VS. | 4:13-CR-00221-BRW |
| SEDRICK REED | DEFENDANT |

### ORDER

Pending is the Government's Motion to Dismiss (Doc. No. 213). Mr. Reed has responded.[1] For the reasons below, the motion is GRANTED, and this case is DISMISSED with prejudice.

## I. BACKGROUND

Mr. Reed is serving a 135-month sentence in the Federal Bureau of Prisons.[2] As part of the sentence, I ordered the forfeiture of Mr. Reed's seized property.[3] Mr. Reed filed three motions seeking return of, or compensation for, seized property that was both forfeited and not forfeited.[4] I denied the first two motions and the Court of Appeals for the Eighth Circuit affirmed.[5] Mr. Reed filed his third motion while appealing denial of his first two motions. After the Eighth Circuit returned the mandate, I denied the third motion for return of seized property.[6]

---

[1] Doc. No. 217.

[2] Doc. Nos. 200, 201.

[3] Doc. No. 88.

[4] Doc. Nos. 150, 157, 167.

[5] Doc. No. 172.

[6] Doc. Nos. 172, 174.

On November 1, 2019, the Eighth Circuit partially reversed the denial of Mr. Reed's third motion for return of seized property and remanded, finding that "the district court should have afforded [Mr. Reed] an opportunity to assert an alternative claim for damages" regarding the "items which were not forfeited but were no longer in the government's possession . . . ."[7] Pursuant to the Eighth Circuit's opinion, I directed Mr. Reed to file a complaint for damages against the Government only as to the items that were not forfeited.[8]

On January 6, 2020, Mr. Reed filed a pro se complaint again alleging failure to comply with Rule 41(g).[9] The Government filed a motion to dismiss and in response, Mr. Reed argued, for the first time, that the Federal Tort Claim Act ("FTCA")[10] applies to this case and he may have a *Bivens*[11] claim.[12] Although he did not present these claims in his original complaint, the Eighth Circuit found that he should be allowed to do so. Accordingly, I denied the Government's motion to dismiss and directed Mr. Reed to file an amended complaint setting out all his causes of action.[13]

On June 15, 2020, Mr. Reed filed two Amended Complaints. One asserted claims under the FTCA and the other asserted a *Bivens* claim. In both Amended Complaints, Mr. Reed alleges

---

[7]Doc. No. 187.

[8]Doc. No. 190.

[9]Doc. No. 192.

[10]28 U.S.C. §§ 2671–2680.

[11]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

[12]Doc. No. 200.

[13]Doc. No. 203.

2

that agents of the Federal Bureau of Investigation ("FBI") seized his personal property.[14] He contends that on April 8, 2018, an FBI agent destroyed his personal property.[15] Mr. Reed also asserts that on April 13, 2018, an agent from the FBI released a gun belonging to him to a third-party without court authorization or his permission.[16]

On February 9, 2021, I dismissed the *Bivens* claim and, again, directed Mr. Reed to amend his complaint.[17] This time he needed to set out whether he pursued his administrative remedies and provide copies of any documents related to the issue, including the FBI's denial letter.

All of the non-forfeited property was either destroyed or returned to third-party which means it is no longer in the Government's possession. Mr. Reed seeks money damages.

## II. STANDARD

In determining whether a complaint states a claim for which relief may be granted, I must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.[18] The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level."[19] The complaint must "state a claim to relief

---

[14]*Id.*

[15]*Id.*

[16]*Id.*

[17]Doc. No. 210.

[18]*Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014).

[19]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

that is plausible on its face."[20] In assessing its sufficiency, I may disregard legal conclusions disguised as factual allegations.[21]

While I am required to construe the pleadings liberally, Mr. Reed is nevertheless bound by applicable procedural and substantive law.[22] Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced."[23]

## III. DISCUSSION

### A. FTCA Claim

In his latest Amended Complaint, Mr. Reed asserts a cause of action under the Federal Tort Claims Act ("FTCA") claim in his Amended Complaint.[24] Exhaustion of administrative remedies is a jurisdictional prerequisite to FTCA claims.[25] The law provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by

---

[20]*Id.* at 570.

[21]*Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

[22]See *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

[23]*Stone v. Harry*, 364 F.3d at 914 (internal citations omitted); see, e.g., *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

[24]Doc. No. 205.

[25]*Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996).

4

certified or registered mail."[26]  If an agency fails to make a final disposition of the claim within six months after it is filed, the failure is "deemed a final denial of the claim . . . ."[27]

I must determine: (1) whether Mr. Reed presented his claim to the FBI; and (2) whether he filed this suit within six months of the FBI's denial of his claim.  Mr. Reid attached a letter from the FBI denying his February 22, 2021 administrative claim, so he has met his burden.

The FBI denied his claim because he failed to bring it within the two year statute of limitations.  Mr. Reed asserts that he is entitled to equitable tolling on that issue.  Even assuming equitable tolling applied, the case must be dismissed.  Based on 28 U.S.C. § 2680(c), the FTCA's waiver of sovereign immunity does not apply to "claim[s] arising [from] . . . the detention of any goods or merchandise by any . . . law-enforcement officer."[28]  Mr. Reed's property was seized pursuant to a valid search warrant to proceed with a criminal prosecution.  Accordingly, the "detention of goods" exception applies, and Mr. Reed's FTCA claim must be dismissed.

### B. Other Causes of Action

Mr. Reed's March 8, 2021 Amended Complaint also lists claims for failure to comply with Rule 41(g) and failure to comply with *Henderson v. United States*.[29]  The Rule 41(g) argument has already been dismissed and was affirmed on appeal.  The *Henderson* argument fails to state a cause of action.

---

[26] 28 U.S.C. § 2675(a).

[27] *Id.*

[28] 28 U.S.C. § 2680(c)

[29] 135 S. Ct. 1780 (2015).

5

## CONCLUSION

Based on the findings of fact and conclusions of law above, the Government's Motion to Dismiss (Doc. No. 213) is GRANTED.  This case is DISMISSED with prejudice.

IT IS SO ORDERED this 28th day of May, 2021.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE
